UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEVADA WALKER,

Plaintiff,

Case No. 8:15-cv-00550-VMC-JSS

vs.

CREDIT PROTECTION ASSOCIATION, LP,

Defendant.
______________________________________ /

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Credit Protection Association, L.P. ("Defendant"), pursuant to Fed. R. Civ. P. 26, hereby files this response in opposition to Plaintiff's Motion to Compel Complete Answers to Interrogatories and Allow Site Inspection, and states as follows:

**INTRODUCTION**

Plaintiff's claims stem from calls made to her cellphone regarding a Bright House account associated with her cell phone number. Plaintiff claims that the phone calls violated the Telephone Consumer Protection Act and the Florida Consumer Collection Practices Act. Plaintiff seeks to inspect and photograph Defendant's call center and various systems in the call center.[1] Defendant timely moved for a protective order after failing to reach a resolution on the issues with Plaintiff. [DE 29]. Plaintiff has failed to establish that the requested discovery is not unduly burdensome. Furthermore, Defendant recently informed Plaintiff that it does not intend to contest the issue of whether the telephone system used in this case was an automatic telephone dialing system as defined by the TCPA. Therefore, this Court should deny the motion to compel

---

[1] Plaintiff also moves to compel complete answers to interrogatories despite the fact that interrogatories have yet to be served in this case. Plaintiff references the interrogatories as Exhibit A, but the only attachment is the notice of site inspection. Therefore Defendant presumes that as there are no interrogatories included in the motion, the language was included in error.

and issue a protective order preventing the entirety of the discovery requested in Plaintiff's Notice of Site Inspection.

## MEMORANDUM OF LAW

Under the Federal Rules of Civil Procedure, a court has broad authority to issue a protective order to prevent unduly burdensome discovery. Plaintiff's motion to compel seeks discovery that is largely irrelevant, and would be unnecessarily burdensome and harassing to Defendant. Therefore Plaintiff's motion should be denied and a protective order should be granted.

### Governing Law

Under the Rules of Civil Procedure, a court is required to limit discovery requests that seek information in an unreasonably burdensome manner:

> On motion or on its own, the court ***must*** limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

Fed. R. Civ. P. 26 (emphasis added). When determining whether to allow a party to enter and inspect a party's property, courts have looked to balance the value of the information sought with the burden of the proposed intrusion. *New York Assoc. for Retarded Children v. Carey*, 706 F.2d 956, 961 (2d Cir. 1983) ("the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection."); *Lykins v. CertainTeed Corp.*, No. 11-2133-JTM-DJW, 2011 WL 6337631, at *4 (D. Kan. Dec. 19, 2011); *Teer v. Law Eng'g and Envtl. Serv., Inc.*, 176 F.R.D. 206 (E.D.N.C.1997). More than a general assertion of relevance is needed to grant such intrusive discovery. *See Schwab v. Wyndham Int'l, Inc.,* 225 F.R.D. 538, (N.D.Tex. 2005) (denying an inspection of premises because "plaintiff has not articulated, much less proved, a need for inspecting and photographing the premises" and

"general and conclusory assertions do not justify unrestricted access to [Defendant's] corporate headquarters."); *Ehrlich v. Inc. Vill. of Sea Cliff*, No. CV04-4025(LDW)(AKT), 2007 WL 1593211, at *5 (E.D.N.Y. May 31, 2007) ("Absent a showing of relevance, courts have repeatedly denied requests to inspect property pursuant to Fed.R.Civ.P. 34"); *Macort v. Goodwill Indus.-Manasota, Inc.*, 220 F.R.D. 377, 379 (M.D. Fla. 2003) (holding that the request to examine a business to determine any non-compliance with the ADA was "overbroad and burdensome."). In cases where courts permit such an inspection, it is generally because the physical premises themselves are at issue in the case. *See e.g. Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 700 (S.D. Ga. 2012).

**Requested Discovery**

In this case, the Plaintiff intends to inspect "Defendant's Call Center," which is a location in Dallas, TX. Plaintiff wants to inspect and photograph the premises, "and examine Defendant's telephone system and any telephone related software." Plaintiff does not specify how he intends to examine the telephone system, but by its very nature, examination of Defendant's software would require some sort of access to their computer systems, which combined with the request to enter the premises, would be extremely burdensome and harassing.

Defendant has notified Plaintiff that it is willing to stipulate for purposes of this case only, that it will not assert as a defense as to whether the phone system used to place calls to plaintiff constitutes an "automatic telephone dialing system" (ATDS) as defined under the Telephone Consumer Protection Act. (TCPA) To the extent that plaintiff must prove that the phone system used by CPA constitutes an ATDS, CPA will not contest that issue for the purposes of this case. The FCC's July 10, 2015 Omnibus Declaratory Ruling and Order, FCC 15-72, which came down after Plaintiff's notice of site inspection, has interpreted the definition of an ATDS in a manner that CPA does not intend to litigate here. In light of the lack of a dispute

as to the nature of the phone system, the requested discovery is even less appropriate. However, regardless of Defendant's position as to the nature of the telephone system, the motion for site inspection should be denied because there are less burdensome methods of obtaining the information sought.

This requested discovery is especially inappropriate when viewed in light of the very low degree to which it would assist Plaintiff in trying to establish his case. This is not a "slip and fall" tort claim or an American with Disabilities Act case where the accessibility of the business premises is at issue. *Contra Macort v. Goodwill Indus.-Manasota, Inc.,* 220 F.R.D. at 379. The only connection Plaintiff has with the facility is that the alleged TCPA-violating communications originated at the premises. Plaintiff will have the opportunity to inquire into the nature of the telephone system via other discovery procedures. In this case, the key issue is Plaintiff's consent to receive calls from Defendant. The telephone systems, Plaintiff's software, and the layout of Defendant's business premises are largely irrelevant, especially since Defendant has agreed not to contest the issue of whether its systems is an ATDS under the TCPA for purposes of this litigation only.

Plaintiff cites to *Hunt v. 21st Mortg. Corp*., 2:12-CV-2697-WMA, 2013 WL 5230061, at *4 (N.D. Ala. 2013), an unpublished decision out of the Northern District of Alabama, as if it were binding authority.[2] Moreover, the Court in *Hunt*, failed to analyze the undue burden of allowing the plaintiff access to the call center, instead focusing on arguments of relevance and potential spoliation of evidence.[3] Furthermore, the requested discovery in *Hunt* was granted only

[2] Despite Plaintiff's claims that "'[t]he type of inspection sought by Plaintiff is the same sort of inspection wholly heartedly approved by other courts in TCPA actions," Plaintiff only identifies *Hunt* in her motion. Furthermore, a diligent search on internet databases fails to reveal any courts that have cited to *Hunt* and granted site inspections. Lastly, the *Hunt* opinion is not binding precedent.

after the plaintiff had attempted less burdensome discovery methods, such as a deposition of the defendant's corporate representative. *Id.* at 2 (citing to deposition transcript regarding phone system). In this case, Plaintiff has not yet issued interrogatories or deposed the corporate representative, instead immediately seeking the most invasive means of discovery possible. Therefore, in light of the burden such discovery would place on Defendant, the Motion to Compel should be denied and the court should issue a protective order.

Furthermore, Plaintiff completely fails to respond to the arguments raised by Defendant in its Motion for a Protective Order regarding the "more convenient, less burdensome, or less expensive" avenues of discovery available in this case. Rule 26 requires the Court to consider such alternatives when determining the reasonableness of discovery requests. The cost of Plaintiff's counsel and Defense counsel traveling to Dallas, Texas for Plaintiff to take photos of a call center is the very epitome of inconvenient, burdensome and expensive discovery practices that Rule 26 prevents. The costs of such a site inspection would potentially eclipse the amount at issue in this case. Interrogatories or a deposition would be much more economical and less invasive than the discovery requested.

Plaintiff's motion also seems indicative of a class action, despite the fact that this case is not a class action. Plaintiff seeks to examine all systems used "by Defendant in any way for the purpose of making phone calls to consumers, including the named Plaintiff in the 48 months preceding the institution of this action." Plaintiff is therein attempting discovery for everyone who Defendant called in the last four years, going far beyond what is necessary for Plaintiff to prove her individual case here. This portion of the request, along with the language of the motion alleging that "Plaintiff was one of the many consumers who have been violated at the hands of Defendant" suggest that Plaintiff's counsel is using this discovery as means to attempt to create a

future class action against Defendant or to locate additional clients. Both of the alternatives are inappropriate purposes of discovery.

A protective order is appropriate in this case in light of the burden that allowing Plaintiff access to the business premises and software systems would be. In addition to the burden of the interruption of work, and the hassle of providing Plaintiff with an escort during an inspection, Defendant would be forced to evaluate the privacy risks and take actions to safeguard non-public information regarding third parties from Plaintiff's inspections. Defendant possesses information regarding debtors, inherent to its business, and the privacy issues that would result from allowing Plaintiff access would be troubling. There is no need for the discovery Plaintiff seeks, and there is a definite undue burden on Defendant. In light of the balancing test used by courts interpreting similar requests, Plaintiff lacks a need for the discovery, particularly since Defendant has agreed not to contest the issue that it used an ATDS for purposes of this litigation, and therefore should not be granted any access to Defendant's business premises.

**Sanctions**

Plaintiff claims that sanctions are appropriate because Plaintiff's Motion shows that "Defendants 'objections are not substantially justified." However, Plaintiff's motion failed to address any of the issues raised in Defendant's Motion, instead filing a motion to compel that references non-existing interrogatories. Furthermore, before filing its motion for a protective order, Defendant requested any case law supporting Plaintiff's position that the site inspection was appropriate, and Plaintiff's counsel refused. Only after Defendant's Motion was filed did Plaintiff argue that *Hunt* made any opposition to a notice of site inspection invalid. Defendant's objection to the requested discovery is supported by case law and made in good faith, as demonstrated in its motion for a protective order. Therefore, even if the Court is inclined to grant Plaintiff's Motion to Compel, the request for sanctions should be denied.

**Conclusion**

Because allowing Plaintiff to access, inspect and photograph Defendant's non-public call center would be unduly burdensome, the Court should grant a protective order. Plaintiff has no need for this discovery, as Defendant is not contesting the nature of the call system, and Plaintiff will have the opportunity to obtain relevant information from alternative sources, all of which will be less burdensome to Defendant. In light of the great degree to which the undue burden, expense and annoyance of the requested inspection greatly outweigh any limited relevance the inspection might have, this Court should deny Plaintiff's motion to compel.

WHEREFORE, Defendant, CREDIT PROTECTION ASSOCIATION, L.P., respectfully requests this Honorable Court deny Plaintiff's Motion to Compel, issue a Protective Order preventing the requested discovery, and for such other and further relief as this Court deems proper.

*s/ Ruel W. Smith*

Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Burke Lopez
Florida Bar No. 0855669
Ruel W. Smith, Esquire
Florida Bar No. 036548
rsmith@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 500
Tampa, Florida 33602
813-276-1662 - T
813-276-1956 – F
Attorneys for Defendant CREDIT
PROTECTION ASSOCIATION, LP

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

W. John Gadd, Esq.
Law Office of W. John Gadd
Bank of America Building
2727 Ulmerton Road
Suite 250
Clearwater, FL 33762
Tel: 727-524-6300
wjg@mazgadd.com
Attorney for Plaintiff

Lisa R. Wilcox, Esquire
FBN: 697291
721 First Ave. N. Suite 100
St. Petersburg, Florida 33701
Main and Fax 888-945-2695
lisa@wilcoxlawpa.com
Attorney for Plaintiff

*s/ Ruel W. Smith*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Ruel W. Smith, Esquire
Florida Bar No. 036548
rsmith@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 500
Tampa, Florida 33602
813-276-1662 - T
813-276-1956 – F
Attorneys for Defendant CREDIT PROTECTION ASSOCIATION, LP