UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEVADA WALKER,

    Plaintiff,

v.                                                   Case No: 8:15-cv-550-T-33JSS

CREDIT PROTECTION ASSOCIATION,
LP,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Protective Order (Dkt. 29) ("Motion for Protective Order") and Plaintiff's Motion to Compel Complete Answers to Interrogatories and Allow Site Inspection (Dkt. 30) ("Motion to Compel"). Upon consideration, the Motion for Protective Order is granted and the Motion to Compel is denied for the reasons stated below.

### BACKGROUND

**I.   Plaintiff's Claims**

On March 12, 2015, Plaintiff Nevada Walker filed a Complaint against Defendant Credit Protection Association, LP alleging that Defendant used an automated telephone dialing system ("ATDS") to call Plaintiff's cell phone repeatedly without Plaintiff's consent and against her directives. Plaintiff alleges that, in doing so, Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.59 *et seq.* ("FCCPA").

The TCPA prohibits making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing

system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). "The TCPA is essentially a strict liability statute" that "does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011).

The FCCPA prohibits debt collectors from engaging in a number of practices, including "willfully communicat[ing] with the debtor . . . with such frequency as can reasonably be expected to harass the debtor . . . or willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor." Fla. Stat. § 559.72(7).

**II.     Motions at Issue**

On June 25, 2015, pursuant to Federal Rule of Civil Procedure 34, Plaintiff served Defendant with a Notice of Intent to Inspect Defendant's Property and Plaintiff's Request for a Time and Date Certain to Facilitate the Inspection and Photographing of Things and Real Property Related to Defendant's Call Center ("Notice of Site Inspection"). Specifically, the Notice of Site Inspection requested

> [t]hat Defendant permit Plaintiff to enter Defendant's Call Center and to inspect and to photograph, examine Defendant's telephone system and any telephone related software used by Defendant in anyway for the purpose of making phone calls to consumers, including the named Plaintiff in the 48 months preceding the institution of this action.

Plaintiff noted that "[t]he term 'Defendant's Call Center' is a generic term used to reference the physical place/location from which Defendant made the complained of calls to Plaintiff's phone" and that "[t]he term 'telephone system and software' is a generic term used to reference the exact phones and/or the entirety of the telephonic equipment used by Defendant or Defendant's agents to make calls or to assist in making calls to consumers, including Plaintiff."

On July 27, 2015, Defendant filed its Motion for Protective Order in response to Plaintiff's Notice of Site Inspection. Defendant asserts that "the requested discovery is not relevant, the information can be provided via less burdensome methods, and any relevance is outweighed by the burdensome nature of the request." Plaintiff did not file a response to Defendant's Motion for Protective Order, despite the Court ordering Plaintiff to respond by September 2, 2015.

On August 13, 2015, Plaintiff filed her Motion to Compel, in which she "moves to compel Defendant to produce complete answers to Plaintiff's interrogatories and allow a site inspection of Defendant's call center."[1] Plaintiff asserts that "Defendant has refused to admit that Defendant used an auto-dialer or ATDS" and that "the particularities of Defendant's telephone system using in the making of the calls is the primary, if not the sole-source or element remaining in dispute in the instant case." As such, Plaintiff claims that the site inspection is relevant and necessary for Plaintiff to "carry her burden" and "challenge the veracity" of Defendant's defenses.

On August 31, 2015, Defendant filed its response to Plaintiff's Motion to Compel. Defendant states that it "recently informed Plaintiff that it does not intend to contest the issue of whether the telephone system used in this case was an automatic telephone dialing system as defined by the TCPA." Defendant explains that, in light of the FCC's July 10, 2015 Omnibus Declaratory Ruling and Order, FCC 15-72, which interpreted the definition of an ATDS, Defendant will not contest the issue of whether the phone system used by Defendant constitutes an ATDS for purposes of this case. Defendant further asserts "that regardless of Defendant's position as to the nature of the telephone system, the motion for site inspection should be denied

---

[1] Although Plaintiff "moves to compel Defendant to produce complete answers to Plaintiff's interrogatories" and asserts that "Defendant was not willing to provide more complete answers to the interrogatories," in her Motion to Compel, Plaintiff does not quote any specific interrogatories, as required by Middle District of Florida Local Rule 3.04(a), or otherwise indicate that she has even served interrogatories on Defendant. Therefore, the Court's review is limited to the issue of the site inspection.

because there are less burdensome methods of obtaining the information sought." Defendant notes that "Plaintiff has not yet issued interrogatories or deposed the corporate representative, instead immediately seeking the most invasive means of discovery possible." On these bases, Defendant opposes the Motion to Compel and requests that the Court issue a protective order.[2]

### APPLICABLE STANDARDS

The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1). The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

Nonetheless, the court must limit the extent of discovery otherwise allowed if it determines that the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C). The court may, for good cause, issue an order to protect a

---

[2] On September 1, 2015, Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Motion to Compel Site Inspection. Middle District of Florida Local Rule 3.01(c) provides that "[n]o party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave." M.D. Fla. L.R. 3.01(c). Plaintiff did not request leave to file a reply. As such, Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Compel Site Inspection is impermissible, and the Court has not considered Plaintiff's Reply in ruling on the Motion to Compel.

party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).

Federal Rule of Civil Procedure 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."  Fed. R. Civ. P. 34(a).  In accordance with Rule 26(b), a court evaluating a request to permit entry under Rule 34 will consider the relevance of the inspection and balance the value of the information sought with the burden of the proposed intrusion.  *See N.Y. Ass'n for Retarded Children Inc. v. Carey*, 706 F.2d 956, 961 (2d Cir. 1983); *Murphy v. Cooper Tire & Rubber Co.*, No. 5:08cv40/RS/EMT, 2008 WL 3926715, at *3-4 (N.D. Fla. Aug. 21, 2008).

**ANALYSIS**

Plaintiff contends that an on-site inspection of Defendant's call center is necessary for her to meet her burden of establishing that Defendant used an ATDS to place calls to Plaintiff's phone and to refute Defendant's defense that it did not use an ATDS.  Defendant, though, has stated to Plaintiff and the Court that "it is willing to stipulate for purposes of this case only, that it will not assert as a defense as to whether the phone system used to place calls to plaintiff constitutes an ATDS."  Therefore, given this stipulation, the relevance of Plaintiff's request is marginal at best.

However, even if Defendant still intended to contest whether it used an ATDS, the Court is required, under Rule 26(b)(2)(C), to limit Plaintiff's Rule 34 request.  The requested inspection of Defendant's call center would require both counsel to travel from Florida to Dallas, Texas.  Defendant would need to arrange for an escort for Plaintiff, during the site inspection, and the inspection itself may result in the interruption of the work of many of Defendant's employees.

Additionally, Defendant's telephone system and related software contain non-public information regarding third parties.

Notably, prior to serving the Notice of Site Inspection, Plaintiff had not attempted to obtain information regarding Defendant's call center, telephone system, and telephone related software by other means, such as through the service of interrogatories or deposition of Defendant's corporate representative. These other means would be more convenient, less burdensome, and less expensive than an on-site inspection of Defendant's call center.[3]

As such, the Court finds that the burden of the site inspection outweighs the value of the information that Plaintiff seeks, particularly in light of Defendant's stipulation as to the use of an ATDS. Accordingly, it is

**ORDERED:**

1. Defendant's Motion for Protective Order is **GRANTED**.

2. Plaintiff's Motion to Compel Complete Answers to Interrogatories and Allow Site Inspection is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 17, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[3] In support of her position, Plaintiff cites *Hunt v. 21st Mortgage Corp.*, in which the court granted, with limitations, the plaintiff's motion to compel a Rule 34 inspection in a TCPA case. No. 2:12-CV-2697-WMA, 2013 WL 5230061, at *1 (N.D. Ala. Sept. 17, 2013). In that case, the defendant maintained its defense that it had not used an ATDS. *Id.* at *2-3. Additionally, the court did not consider whether the plaintiff had attempted to obtain the information by other, less burdensome means. As such, the Court does consider this non-binding authority to be persuasive.